# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY SAAG,<br>Petitioner,<br><br>v.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:19-cv-548<br><br>Black, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 Clermont County, Ohio, rape convictions and sentences. (Doc. 1). Because petitioner filed the petition without payment of the $5.00 filing fee or a motion to proceed *in forma pauperis*, the Court directed petitioner, on July 9, 2019, to either pay the $5.00 filing fee or submit an *in forma pauperis* application. (Doc. 2). Further, because petitioner had previously challenged in federal court his 2002 convictions and sentences, the Court also ordered petitioner to show cause why the petition should not be transferred to the Sixth Circuit Court of Appeals as a successive petition. (Doc. 2). Petitioner has now paid the $5.00 filing fee (*see* Doc. 3) and filed a request for an evidentiary hearing (Doc. 4), which the Court understands to be his response to the Court's Order to show cause.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll § 2254. Here, for the reasons below, it plainly appears that petitioner is not

entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the Sixth Circuit Court of Appeals as a successive petition and that petitioner's motion for an evidentiary hearing (Doc. 4) be **DENIED**.

As noted in the July 9, 2019 Order (*see* Doc. 2), this is not the first habeas corpus petition that petitioner has filed with this Court challenging his 2002 Clermont County convictions. In a prior pro se petition, which petitioner submitted to prison officials for mailing on September 11, 2015, petitioner challenged the same convictions on the grounds that he had been placed in double jeopardy and his sentences were void. This Court denied the previous petition after concluding that petitioner's claims were time-barred by the applicable one-year statute of limitations. *Saag v. Warden*, Case No. 1:15-cv-599 (Black, J.; Litkovitz, M.J.) (S.D. Ohio Aug. 3, 2016) (Docs. 8, 10).[1] The Sixth Circuit Court of Appeals denied petitioner a certificate of appealability. *Saag v. Warden*, No. 16-3952 (6th Cir. Mar. 16, 2017).

Petitioner does not dispute in the motion for evidentiary hearing (Doc. 4) that he is challenging the same convictions that were attacked by him in his prior application. Rather, petitioner seeks an evidentiary hearing regarding the merits of the instant habeas petition. (*See* Doc. 4, at PageID 22) (asserting that the material facts were not developed at the state-court level).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

In this case, petitioner is challenging the same convictions and sentences challenged in his prior petition. Although a dismissal of a prior habeas petition relating to the same conviction or sentence will not render the subsequent petition successive if the dismissal is based on technical reasons that do not constitute an adjudication "on the merits," *see Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998),[2] it is well-settled that when the prior petition is dismissed

---

[2]Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart*, 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either

3

because the petitioner procedurally defaulted his claims in state court or because the petition is barred by the statute of limitations, the dismissal is an adjudication on the merits of the claims, and the petitioner must obtain prior authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (involving procedural-default dismissal); *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998) (same). *See also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (and cases cited therein) (involving statute-of-limitations dismissal); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (same); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (same); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (same); *Stokes v. Gehr*, 399 F. App'x 697, 699 n.2 (3d Cir. 2010) (same); *Womble v. Brewer*, No. 16-13739, 2016 WL 6893777, at *3 (E.D. Mich. Nov. 23, 2016) (same); *Edwards v. Warden, Ross Corr. Inst.*, No. 1:10cv637, 2011 WL 901379, *1 (S.D. Ohio Jan. 10, 2011) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (same), *adopted*, 2011 WL 901378 (S.D. Ohio Mar. 14, 2011) (Dlott, J.).[3]

The instant petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition, which was dismissed with prejudice on

---

pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California*, No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86; *Carlson*, 137 F.3d at 419; *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

[3]*Contrast Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

statute-of-limitations grounds, was adjudicated on the merits. Moreover, petitioner is not contesting any "new judgment," such as a new sentence imposed on resentencing, that occurred between the habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Rather, petitioner asserts that his 2002 convictions and sentences violate his equal protection and due process rights because his written plea agreement, which he claims to have recently received, "belies the maximum punishment agreed to" in that "[p]etitioner would not be on post-release control for a maximum of 5 years, but subject to parole sanctions." (Doc. 1, at PageID 6). To the extent that petitioner's claim was raised in his prior petition, it is successive. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to posit a new claim that was not asserted in his prior petition, the claim is still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claim could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.

Accordingly, in sum, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re*

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief. *See Rodriguez v. Gray*, No. 2:18-cv-114, 2018 WL 2470753 (S.D. Ohio Mar. 19, 2018) (transferring successive petition to Sixth Circuit Court of Appeals on initial review under Habeas Rule 4) (Vascura, M.J.), *adopted*, 2018 WL 2465352 (S.D. Ohio June 1, 2018) (Watson, J.).

2. Petitioner's motion for an evidentiary hearing (Doc. 4) be **DENIED**.

Date: 8/28/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JEFFREY SAAG,
Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:19-cv-548

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.